In The Circuit Court Of Macon County
State Of Alabama

State of Alabama          | Grand Jury Indictment
vs                        | Case No. 33 and 34
Charles B Hall, Jr        |
    Defendant             |

Defendant's Motion For Order Of Discharge Dismissal and Acquittal Of Pending Charges For Failure To Prosecute and Violation Of Provisions Of Interstate Agreement On Detainers Act, 180 Speedy Trial-Final Disposition

Comes Now Charles B Hall Jr, Pro Se Defendant in the above-styled criminal action, and files this, his Motion For Order Of Discharge, Dismissal and Acquittal Of all Untried and Pending Charges under the above-styled criminal action and indictment.

Defendant Respectfully submits that prosecution is barred, based upon the running of the statute of limitations, and failure of the State to prosecute in violation of Sec 2, Art 3 of the Interstate Agreement On Detainers Act, and in support hereof, shows the Court as follows:

-1-

1

On or about February 3, 1998 a Macon County, Alabama grand jury returned an indictment charging Defendant with:

(a) One Count of <u>Receiving Stolen Property, 1st Degree</u>, in violation of <u>Code of Alabama, 13A-8-17</u>; and

(b) One Count of <u>Possession of Marijuana, 1st Degree</u>, in violation of <u>Code of Alabama, 13A-12-213</u>.

In the case of <u>State of Alabama v. Charles B. Hall, JR.- Grand Jury Indictment/Case No. 33 and 34</u>

2

On or about March 30, 1999, Defendant was incarcerated in the State of Georgia Department of Corrections, to serve a 15 year sentence imposed by a State of Georgia Court, and since this date, Defendant has remained incarcerated in the State of Georgia continuing through the date hereof.

3

Defendant's current place of confinement and incarceration is shown as follows:

 Dodge State Prison
 P.O. Box 276
 Chester, Georgia 31012

which is also his current mailing address.

4

On or about April 8, 1999, based upon the pending and untried charges in the instant case, and Defendant being

-2-

incarcerated and confined in the Georgia Department of Corrections, the Macon County, Alabama Sheriff's Department lodged a Detainer with the Georgia Department of Corrections, indicating that it was the intent of the State of Alabama, to extradite and prosecute Defendant for the pending and untried charges of this instant case

5

At no time following the lodging of the detainer with the Georgia Department of Corrections on April 8, 1999 did the State of Alabama, Macon County, Alabama Sheriff's Department or Macon County, Alabama Circuit District Attorney, initiate proceedings under the Interstate Agreement on Detainers Act, to obtain temporary custody of Defendant for prosecution and final disposition for the charges in this instant case, allowing a unreasonable period of 31 months to run, over 6 years to this date hereof.

6

On November 5, 2002, Defendant initiated his Formal Request For a Speedy Trial and Final Disposition of all untried charges, indictments, informations, accusations and complaint upon which remains pending in this instant case, and upon which

-3-

the detainer was lodged with the Georgia Department of Corrections, by Defendant and the Warden of his place of incarceration, completing and attaching the required documents and Forms for Request For Final disposition under the <u>Interstate Agreement on Detainers Act</u>, complying with the <u>IAD</u> provisions and law in all respects, and Defendants Request and Demand For Final Disposition under the <u>IAD</u> and offer of temporary custody, was lawfully served upon <u>Macon County Alabama Circuit District Attorney, Kenneth Gibbs</u> and <u>Macon County Alabama Circuit Court Clerk, Ms Cassandra Daniels</u> on <u>November 7, 2002</u>

7

Pursuant to Federal Law provisions of the <u>IAD, Sec 2 Art 3</u>, Defendant was required to be brought to trial on the charges in this instant case, no later than 180 days after <u>District Attorney-Kenneth Gibbs</u> Receipt of Defendants Formal Demand and <u>IAD</u> Request, the 180 day period ran from <u>November 7, 2002</u>, and expired on or about <u>May 7, 2003</u>, absent a continuance being granted in open court, complying with Due Process, see <u>Alabama v. Bozeman</u>, 533 U.S. 146, 153 (121 S.Ct 2079)(2001); <u>New York v. Hill</u>, 528 U.S. 110 (120 S.Ct 659)(2000)

-4-

8

There has been no request or consent for a continuance made or filed with the Court by Defendant, nor has the mandatory requirement of the <u>I.A.D.</u> that a continuance "only be granted for good cause, in open court, attended by Defendant and/or Defendant's counsel, nor has Defendant waived any of his rights under the <u>I.A.D.</u>, and no "good cause" has been shown to this Court, affording Defendant his <u>Due Process Rights</u> to <u>Notice</u> and <u>Opportunity To Be Heard</u>, so as to lawfully toll or extend the 180 day period within which Defendant was required to be brought to trial see <u>Birdwell v. Skeen</u>, 983 F.2d 1332, 1340 (5th Cir. 1993) ("good cause" continuance was improperly granted because government's diligence would have prevented delay)

9

Defendant further shows that in violation of the <u>I.A.D.</u> mandatory provisions, which required <u>District Attorney Kenneth Gibbs</u> to acknowledge receipt of service of the <u>I.A.D.-Final Disposition</u> demand and his intent to prosecute Defendant within the 180 day period, <u>District Attorney Kenneth Gibbs</u> has inexcusably failed and refused to comply with the I.A.D. mandatory provisions, or otherwise notify either <u>Defendant</u> the <u>Georgia Department of Corrections</u>, or the <u>Macon County Alabama Sheriff</u> of the intent to further prosecute since his November 7, 2002 receipt of Defendants

-5-

<u>IAD Final Disposition Demand</u>, and as a result Defendant's right to a Speedy Trial has been violated where this case has languished in this Court for <u>over 7 years</u> since the Grand Jury returned the indictment in this instant case on <u>February 3, 1978</u>.

10

Based upon the foregoing and above facts, demonstrating a willful failure and refusal of the State of Alabama to prosecute Defendant, and the violations of the <u>IAD</u> mandatory provisions of <u>Sec 2, Art 3(a)</u>, by the State of Alabama, by and through <u>Macon County, Alabama Circuit District Attorney Kenneth Gibbs</u>, by the failure and refusal to have brought Defendant to trial within the 180 day limitation period, Defendant submits that as a matter of Federal Law, Dismissal of all untried charges under the indictment of this instant case is mandated. see e.g. <u>U.S. v. Tummolo</u>, 822 F.Supp 1561 (S.D.Fla 1993); <u>Hall v State of Florida</u>, 678 F.Supp 858 (M.D.Fla 1987); <u>Alabama v. Bozeman</u>, 533 U.S. 146, 153 (121 S.Ct 2079)(2001); <u>New York v. Hill</u>, 528 U.S. 110 (120 S.Ct. 659)(2000).

11

Based upon the foregoing and above facts and authority, and rights under the <u>IAD-Sec 2, Art 3</u>, Defendant hereby demands this Court to enforce the provisions of the <u>IAD</u> and dismiss all charges in this instant case

## Prayers For Relief

Wherefore Defendant prays that this Court will grant this instant motion and issue an Order for:

1) Dismissal, and Defendants Discharge and Acquittal of all untried charges under the indictment of this instant case;

2) The Clerk of this court and the Macon County, Alabama District Attorney, to notify the Georgia Department of Corrections and Macon County, Alabama Sheriff of the dismissal of the charges of this instant case, and Order that the Detainer lodged and records of the Macon County, Alabama Sheriffs Department be corrected to show Defendant is no longer wanted in this jurisdiction for prosecution of the charges of this instant case;

3) Defendant to be served certified copies of the courts Order for Dismissal

This 16 Day of May, 2005

Sworn and Subscribed
Before The undersigned
Notary this 16
Day of _____

_____
Notary _____

Commission Expires

Charles Hill
Charles B Hall, Jr
C.D.C. # 858024
Defendant-Pro se
Dodge State Prison
P O Box 276
Chester, Georgia
31012

## Certificate of Service

This is to certify that I have on this date served the <u>Macon County, Alabama Circuit District Attorney</u> with a copy of the foregoing and attached: <u>Defendant's Motion For Order Of Discharge, Dismissal and Acquittal Of Pending Charges For Failure To Prosecute And Violation Of Provisions Of Interstate Agreement On Detainers Act 180 Day Speedy Trial Final Disposition.</u> by depositing a copy of same in the U.S. Mail, properly addressed, First Class U.S. Postage prepaid, addressed to:

Kenneth Gibbs, District Attorney
Macon County Circuit District
Attorneys Office
P.O. Box 830568
Tuskeegee, Alabama, 36083

This <u>16</u> Day of May, 2005

_Charles Hill_
Charles B. Hall Jr
GDC # 858029
Defendant - Pro Se
Dodge State Prison
P.O. Box 276
Chester, Georgia
31012

Sworn and Subscribed
Before The Undersigned
Notary Public This <u>16</u>
Day of May, 2005

_Tony Ray_
Notary ~~~~~~~

Commission Expires

-8-

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Circuit Court Clerk
   P.O. Box 30723
   Tuskegee, AL 36083

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): Cassandra Daniels
B. Date of Delivery: 11-7-02
C. Signature: X [signature] — ☑ Agent ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes ☐ No
   If YES, enter delivery address below:

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)

PS Form 3811, July 1999   Domestic Return Receipt   102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Kenneth White
   Mutual Attorneys Office
   P.O. Box 830568
   Tuskegee, AL 36083

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly): Kenneth L Curtis
B. Date of Delivery:
C. Signature: X [signature] — ☐ Agent ☐ Addressee
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number (Copy from service label)

PS Form 3811, July 1999   Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Walker State Prison
P.O. Box 98
Rock Spring, Ga.
30739

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Walker State Prison
P.O. Box 98
Rock Spring, Ga.
30728