In The United States District Court
Middle District of Alabama

RECEIVED
2006 APR -5 A 9:24

| | |
|---|---|
| Charles B. Hall, Jr., Plaintiff, | Civil Action Number: |
| vs | 3:06cv301-WHA |
| State of Alabama Kenneth Gibbs, et al., Defendants | Prisoner Civil Rights 42 U.S.C. 1983 |

## Plaintiff's Brief In Support Of Civil Rights Complaint

Comes Now <u>Charles B. Hall, Jr.</u>, Pro Se Plaintiff in the above-styled action, and files this, his Brief in support of his <u>section 1983</u> complaint being duly filed contemporaneously herewith, and shows the Court as follows:

### I. Statement Of The Proceeding

This is a Pro Se Civil Rights action brought by Charles B. Hall, Jr., Plaintiff above-named, who is a State of Georgia prisoner serving a prison sentence in the Georgia Department of Corrections at Dodge State Prison, Chester, Georgia, alleging the violation and deprivation of his Federal Rights conferred

-1-

by <u>Section 2, Art 3(c)</u> of the <u>Interstate Agreement On Detainers Act</u> ("<u>I.A.D.A.</u>"), <u>18 U.S.C. App pp 585-620</u>, and the violation and deprivation of his <u>U.S. Constitution</u> <u>First</u>, <u>Sixth</u> and <u>Fourteenth Amendment</u> Rights, by the knowing and intentional acts and omissions of the Defendants named: <u>Kenneth Gibbs</u>, Macon County Alabama District Attorney; and <u>Eddie D. Mallard</u>, Circuit Clerk of Macon County, Alabama, as alleged in the complaint and shown herein.

    Plaintiff seeks Redress and Relief under section 1983, and for this Court to grant a T.R.O., Declaratory Judgement and Prospective Injunctive Relief, and that appropriate Punitive Damages be awarded where deemed available Relief, just and appropriate.

II. <u>Statement Of The Claims</u>

    In <u>Ground One</u> of the Complaint, Plaintiff alleges that Defendant Kenneth Gibbs, while acting under the color of law has knowingly and willfully, violated and failed to comply with the mandates and procedures of the Interstate Agreement On Detainers Act, after he caused a detainer to be lodged

-2-

with the State of Georgia Department of Corrections, based upon Plaintiff being charged in a Macon County, Alabama Indictment with: <u>Receiving Stolen Property, 1st Degree</u>, and <u>Possession of Marijuana 1st Degree</u>, in the case of <u>State of Alabama v. Charles B. Hall, Jr., Case No. 33 and 34</u>, and Plaintiff initiated his Formal demand for Speedy Trial and Final Disposition in compliance with the provisions of the Interstate Agreement On Detainers Act.

Defendant Kenneth Gibbs received personal service of Plaintiff's Interstate Agreement On Detainers Act Demand for Speedy Trial and Final Disposition on November 7, 2002 via Certified/Registered Mail, and the Former Macon County, Alabama Circuit Clerk, Cassandra Daniels on this same date received personal service of Plaintiff's I.A.D.A. demand, Filing same with the Court and Records of the pending case.

The Georgia Department of Corrections, in compliance with the I.A.D.A. offered temporary custody of Plaintiff, but, notwithstanding, Defendant Kenneth Gibbs has knowingly and intentionally Failed and

-3-

Refused to acknowledge the offer, or the demand for speedy trial, nor state his intent to prosecute, since his receiving personal service on November 7, 2002.

The 180 day speedy trial clock ran out on or about May 7, 2003, an additional 2 years and 10 month beyond the 180 day limitation period has since ran to this date, and Plaintiff has made continuous futile efforts to obtain Final Disposition, however, Defendant Kenneth Gibbs refuses to acknowledge or reply to Plaintiff's demands for Final disposition. Plaintiff has not waived his rights to a speedy trial and no trial court has granted a continuance, so as to justify the inordinate delay, and strict compliance with the mandates of the I.A.D.A. is required as a matter of law.

Plaintiff is therefore entitled to have the charges pending in the <u>State of Alabama 5th Judicial Circuit, Macon County</u> case <u>State of Alabama v. Charles B. Hall, Jr, Case No. 33 and 34</u>, dismissed with prejudice and further criminal proceedings barred as a matter of Federal Law. However, Defendant Kenneth Gibbs refuses to allow

-4-

Plaintiff to have the charges dismissed or withdrawel of the detainer lodge, which has caused Plaintiff to remain ineligible for parole.

In <u>Ground Two</u> of the Complaint, Plaintiff alleges that Defendant(s) Kenneth Gibbs and Eddie D. Mallard, acting joint and severally, while acting under the color of law, has knowingly, intentionally, with the intent to obstruct and cause unreasonable blockage of Plaintiff's rights to:

1) Meaningful access to the Court to have his petition heard and decided by the Court, seeking dismissal of the pending charges for violation of the I.A.D.A. and State of Alabama Code 15-9-81;

2) Speedy Trial guaranteed by the U.S. Constitution Sixth Amendment; and

3) U.S. Constitution Fourteenth Amendment Due Process and Equal Protection of Law of the State of Alabama;

by the acts and omissions of these Defendants, of blocking Plaintiff's Pro Se Motion filed seeking dismissal of the charges for violation of the I.A.D.A. Speedy Trial provisions from being heard and decided by the State Court.

-5-

Plaintiff shows that following his making futile efforts to communicate with Defendant Kenneth Gibbs concerning the failure to comply with the I.A.D.A. mandates, on May 31, 2005, Plaintiff filed in the Circuit Court of Macon County, Alabama, his Pro Se "Motion For Order Of Discharge, Dismissal And Acquittal Of Pending Charges For Failure To Prosecute And Violation Of Provisions Of Interstate Agreement On Detainers Act, 180 Day Speedy Trial-Final Disposition Mandates." A stamped filed copy of said Motion is attached to the Complaint filed in this instant action. Defendant Kenneth Gibbs was served a copy of Plaintiff's Motion.

Plaintiff's Motion, upon being filed, was required to be presented to a Circuit Court Judge, however, based upon information and belief, Defendant Kenneth Gibbs has obstructed this administrative process ordinarily performed by the Circuit Clerk of Macon County, Alabama causing Plaintiff's Motion to remain as nothing more than a document contained in the Courts records. Upon discovering this fact Plaintiff further learned that Defendant

-6-

Eddie Mallard, acting in joint concert with Defendant Gibbs, as co-conspirators, has intentionally refused to perform his administrative duties as a Circuit Clerk, to present Plaintiff's Motion to a Circuit Judge, or assign Plaintiff's case to a Circuit Judge so his Motion could be heard and decided.

Plaintiff Further discovered that after Former Circuit Clerk of Macon County, Cassandra Daniels had filed Plaintiff's Motion, and Defendant Eddie D. Mallard took over the position as Circuit Clerk of Macon County, the Records of Plaintiff's I.A.D.A. demand and associated documents were removed, based upon information and belief, the Filed I.A.D.A. Records being given to Defendant Kenneth Gibbs. Plaintiff is not sure of exactly what happened to the Filed I.A.D.A. Records from his demand, however, Defendant Eddie Mallard now refuses to confirm or deny the Records of the Court as containing Plaintiff's I.A.D.A. demand, or otherwise provide Plaintiff with copies of any of the Filed Court

-7-

records, which includes refusing to provide Plaintiff with a copy of the indictment.

Plaintiff's Right to meaningful access to the Court is being intentionally obstructed and denied by both, Defendant(s) Kenneth Gibbs and Eddie Mallard, to cause unreasonable blockage of Plaintiff's right to seek enforcement of his Federal Rights under the I.A.D.A. of dismissal of the pending indictment and to deprive Plaintiff of his Due Process Rights to be heard and Rights to Equal Protection of the laws of the State of Alabama.

Plaintiff has filed with the Circuit Court, his Motion For Appointment of Counsel, which he has since discovered that Defendant Eddie Mallard has failed and refused to file Plaintiff's Motions For Appointment of Counsel. As a result, Plaintiff is, in effect being deprived of his right to access the Court in any meaningful manner, and has no other remedy, but to seek Relief for the deprivation of his Federal Rights in this section 1983 action.

-8-

## III. Argument and Citation To Authority

Under the Federal Provisions of the <u>Interstate Agreement On Detainers Act</u>, when a prisoner who is incarcerated in one State's jurisdiction initiates a Request For Speedy Trial and Final Disposition of charges pending in another State's jurisdiction, trial must commence within 180 days after the prosecutor's receipt of the prisoner's request for trial, <u>18 U.S.C. App.2, Art. 3(c)</u>, unless a continuance has been granted beyond the 180 day limit for good cause or the prisoner waives the right to a 180 day Speedy Trial. see <u>Alabama v. Bozeman</u>, 121 S.Ct. 2079, 2084-86 (2001); <u>New York v. Hill</u>, 528 U.S. 110, 115 (2000); <u>Seymore v. Alabama</u>, 846 F.2d 1355 (11th Cir. 1988). The invocation of the 180 day Speedy Trial limit requires strict compliance with the provisions of the <u>I.A.D.A.</u>, and if the prisoner is not brought to trial within the applicable statutory period of the <u>I.A.D.A.</u>, the pending charges are required to be dismissed with prejudice. <u>I.A.D.A. Art 5(c)</u>; <u>U.S. v. Mauro</u>, 436 U.S. 340, 351-354 (1978); <u>New York v. Hill</u>, supra.; <u>Alabama v. Bozeman</u>, supra

-9-

Plaintiff seeks enforcement of the right to dismissal of the pending charges in the Macon County Circuit Court for the clear violation and inexcusable disregard of the statutory provisions of the I.A.D.A. by Macon County District Attorney, Defendant Kenneth Gibbs, which is properly sought through this section 1983 action, based upon the violation of Federal Law. As shown, the Defendants have obstructed and caused unreasonable blockage of Plaintiff's right to obtain relief in the State Court, and therefore, this section 1983 action states claims upon which relief may be granted. see City of Oklahoma City v. Tuttle, 471 U.S 808, 817 N.4 (1985) (a section 1983 action must allege a violation of Federal Law); also see Cross v. Cunningham, 87 F.3d 586 (1st Cir. 1996) (Enforcement of I.A.D.A. provisions is properly sought through section 1983)

Plaintiff further shows that based upon the knowing, intentional, arbitrary, capricious acts and omissions of Defendant Kenneth Gibbs and Eddie D. Mallard, of failing and refusing to allow Plaintiff's motion filed in the Macon County Circuit Court seeking enforcement of his Federal Rights, to be

-10-

heard and decided, by willful acts and omissions constituting obstruction of the administrative process of the State Court, and thus, the intended effect being caused is the violation and deprivation of Plaintiffs U.S. Constitution First, Sixth and Fourteenth Amendment rights.

Plaintiff has a clearly established Federal right to petition the State Courts for redress of the violations of his Federal Rights, as well as a clearly establish right under the State of Alabama Laws and Constitution, to petition the State Courts and have his Motion timely decided.

Plaintiff shows that the knowing and intentional acts and omissions of Defendants committed to cause unreasonable blockage of Plaintiff seeking enforcement of his Speedy Trial rights, and the effect caused of Plaintiff being denied his right to have his Motion, which raises Federal Questions, heard and decided by the State Court, clearly states a claim upon which relief can be granted under <u>section 1983</u>, for the deprivation of rights secured by the U.S. Constitution

-11-

## IV  Conclusion

Plaintiff submits that the 180 day clock was allowed to run, and over 2 years and 10 months have ran since he initiated his I.A.D.A. Speedy Trial-Request For Final Disposition, without justified cause, but due to the lackadaisical attitude and bad faith acts and omissions of Defendant Kenneth Gibbs. The inordinate and excessive delay demanding dismissal of the pending charges based upon the statutory provisions and Federal Rights of the I.A.D.A.

Wherefore based upon the foregoing and above facts and authority in support of Plaintiff's claims stated in his section 1983 Complaint filed, Plaintiff prays that the Court will allow this matter to proceed and grant such preliminary and prospective relief deemed just.

This 1st Day of April, 2006

_Charles B Hall Jr._
Charles B. Hall, Jr. #858029
Plaintiff-Pro Se
Dodge State Prison
P.O. Box 276
Chester, Georgia
          31012