IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES B. HALL, #858029 | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-301-WHA |
| | | (WO) |
| STATE OF ALABAMA, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Dodge State Prison in Chester, Georgia, files this 42 U.S.C. § 1983 action complaining that defendants have violated the speedy trial provision of the Interstate Agreement on Detainers Act ["IAD"] by their continued refusal to honor his request for disposition of an untried indictment. Plaintiff further asserts that in May 2005 he filed a motion in the Circuit Court for Macon County, Alabama, requesting that the untried indictment against him be dismissed as a result of defendants violation of the speedy trial provision of the IAD, but he complains that Defendants, acting in concert, failed and/or refused to allow his motion to be heard or assigned to a circuit judge for review and disposition. Named as defendants are the State of Alabama, District Attorney Kenneth Gibbs, and Eddie Mallard, Circuit Clerk for Macon County. Upon review of the complaint, the court concludes that dismissal of the State of Alabama prior to service of process is

appropriate under 28 U.S.C. § 1915(e)(2)(B).[1] The request for damages against Defendant Gibbs is also due to be dismissed prior to service of process under § 1915(e)(2)(B).

## I.  DISCUSSION

*A. The State of Alabama*

The State of Alabama is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the State of Alabama are due to be dismissed. *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. District Attorney Gibbs*

Plaintiff complains that Defendants Gibbs violated provisions of the IAD by failing to comply with his request for final disposition of an untried indictment pending against him in the Circuit Court for Macon County, Alabama. Plaintiff further alleges that Defendant Gibbs violated his right to access the courts by interfering with his ability to have a motion he filed with the Circuit Court of Macon County, Alabama, concerning the State's failure to bring him to trial on the untried indictment, brought before a judge.

Prosecutors are entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

in presenting the government's case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976): *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler*, 424 U.S. at 424, and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

Plaintiff's claims against Defendant Gibbs which arise from this defendant's role "as an 'advocate' for the state," are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Gibbs is, therefore, "entitled to absolute immunity for that conduct." *Id*.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the State of Alabama be DISMISSED with prejudice

prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2. Plaintiff's complaint for damages against Defendant Gibbs DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and

3. This case be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 27, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE