IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES B. HALL, JR. | ) |
| Plaintiff(s), | ) |
| v. | ) 3:06-CV-301-WHA |
| STATE OF ALABAMA, ET AL. | ) |
| Defendant(s). | ) |

## ANSWER AND SPECIAL REPORT

COME NOW the Defendants **Eddie Mallard** and **Kenneth Gibbs**, by and through undersigned counsel, and in accordance with this Honorable Court's April 14, 2006 Order, offer the following written report:

## PARTIES

1. The Plaintiff, Charles Hall, #858029, an inmate in Georgia's Dodge State Prison.

2. Defendant Eddie Mallard is the Circuit Clerk of Macon County, Alabama.

3. Defendant Kenneth Gibbs, was an Assistant District Attorney with the Macon County District Attorney's Office, and the claims for money damages were dismissed by the United States Magistrate prior to service.

4. Defendant State of Alabama was dismissed by the United States Magistrate prior to service.

## EXHIBIT

EXHIBIT 1 – Affidavit of Eddie D. Mallard, Circuit Clerk of Macon County, Alabama.

EXHIBIT 2 - Affidavit of Kenneth Gibbs, former Assistant District Attorney of Macon County, Alabama.

EXHIBIT 3 – <u>Order</u>, signed by the Hon. Tom F. Young, Jr., Circuit Judge, Macon County, Alabama.

EXHIBIT 4 - Affidavit, with attachments, of Eddie D. Mallard, Circuit Clerk of Macon County. (Attachments include correspondence and pleadings regarding the Plaintiff's indictments in Macon County, Alabama).

## **PLAINTIFF'S CLAIMS**

The Plaintiff brings a § 1983 claim that the Defendants violated the speedy trial provisions of the Interstate Agreement on Detainers by a continued refusal to honor his request for disposition of an untried indictment for Receiving Stolen Property I and Possession of Marihuana I.

The Plaintiff was indicted by the Macon County Grand Jury on February 3, 1998 for Receiving Stolen Property I and Possession of Marihuana I. (Exhibit 4). Specifically the Plaintiff avers that on November 7, 2002, he made a proper request for a speedy trial by sending a letter to Defendant Gibbs and that more than three years has elapsed since his request. (Compl., P1). Since a trial has not been set within the 180 day period as required by the Interstate Agreement on Detainers, the Plaintiff alleges that the charges should be dismissed. (Compl., P1).

The Plaintiff claims that after being properly noticed under the Interstate Agreement on Detainers, the Defendants acted intentionally and in concert in disallowing his indictments to get to a circuit judge to be heard, in effect depriving him of access to the Courts. (Compl., P2)

The Plaintiff requests a declaratory judgment, injunctive relief and punitive damages. The claims against the State of Alabama and the monetary claims against Kenneth Gibbs were dismissed prior to service.

## DEFENDANTS' RESPONSE

1. The Plaintiff's claims are moot, as pursuant to a <u>Motion to Dismiss</u> from the Macon County District Attorney, the Circuit Judge of Macon County, Alabama dismissed the pending criminal charges and or indictments that are the underlying issue in this matter.

2. Defendants deny that they participated in concert in violating the Plaintiff's constitutional rights.

3. Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

4. The Plaintiff makes no specific allegations against Defendant Mallard or Defendant Gibbs.

5. Defendants Mallard and Defendant Gibbs are immune from suit under the Eleventh Amendment to the United States Constitution.

6. Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On May 30, 2006, pursuant to a <u>Motion to Dismiss</u> filed by the Macon County District Attorney, the underlying criminal charges and indictments that are the underlying basis for the Plaintiff's claims in this instant action were dismissed by the Circuit Judge of Macon County, Alabama. (Exhibit 3).

The Plaintiff is a State of Georgia prisoner, serving a sentence with Georgia Department of Corrections at Dodge State Prison, Chester, Georgia. (Compl., P1). On February 3, 1998, the Plaintiff was indicted by the Macon County Grand Jury for Receiving Stolen Property I and Possession of Marihuana I. (Exhibit 4). On November 2, 2002 the Plaintiff alleges that he made a *Request for Final Disposition* that was accepted by Defendant Gibbs in November 2002.[1]

The Plaintiff's correspondence to the Macon County Circuit Clerk's office was duly noted and assigned to the Clerk of the Criminal Division of the Macon County Circuit Clerk's Office. (Exhibit 1). On each occasion correspondence from the Plaintiff was accepted by Defendant Mallard, he discussed the correspondence with the Macon County District Attorney. (Exhibit 1). All documents filed in the Macon County Circuit Clerk's Office relative to the Plaintiff were immediately processed and submitted to the required agencies for further disposition. (Exhibit 1).

Defendant Gibbs contacted the Macon County Sheriff's Office and the Tuskegee Police Department in an effort to have the Plaintiff served. (Exhibit 2).

## ARGUMENT

**I.     The Plaintiff's claims are moot.**

The Plaintiff alleges that he made a proper request for a speedy trial under the Interstate Agreement on Detainers and that more than three years has elapsed since his request. (Compl. P1 & 2). Allegedly according to the Plaintiff, since a trial has not been set within the 180 day period as required by law, the charges should be dismissed. (Compl. P1 & 2). Pursuant to a Motion to Dismiss filed by the Macon County District

---

[1] The Plaintiff's file indicates a return receipt signed by Defendant Gibbs, but no documentation accompanies the return receipt. The Plaintiff alleges in a letter received on July 7, 2003 attached to Exhibit

4

Attorney, the Hon. Tom F. Young, Jr. Circuit Judge for Macon County, Alabama issued an Order on May 25th, 2006, dismissing the criminal charges and indictments which form the basis of the claims herein in the instant Complaint. (Exhibit 3). Therefore, since the underlying charges and indictments in Macon County are no longer pending, the instant Complaint filed by the Plaintiff is moot.

**II.    Plaintiff's vague allegations fail to support a conspiracy claim.**

Plaintiff asserts that the Defendants conspired to interfere with the civil rights of the Plaintiff. The Eleventh Circuit has found that:

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. *See, e.g*, Burnett v. Short, 441 F.2d 405 (5th Cir.1971); Guedry v. Ford, 431 F.2d 660 (5th Cir.1970); Granville v. Hunt, 411 F.2d 9 (5th Cir.1969). . . It is not enough to simply aver in the complaint that a conspiracy existed. *See* Ostrer v. Aronwald, 567 F.2d 551 (2nd Cir.1977); United States Ex rel. Simmons v. Zibilich, 542 F.2d 259 (5th Cir.1976). *See also* Black v. United States, 534 F.2d 524 (2nd Cir.1976); Fine v. City of New York, 529 F.2d 70 (2nd Cir.1975). A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy. 2A J. Moore and J. Lucas, Moore's Federal Practice ¶ 8.17[5] at 8-180, 181 (2nd ed.1984).

Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.1984). The Plaintiff stated only vague and conclusory allegations regarding the alleged conspiracy among Defendants to violate his rights. (*See* Compl.). Defendant Gibbs took reasonable steps to have the Plaintiff's indictment served, and in no way intentionally attempted to deprive the Plaintiff of access to the Courts. (*See* Exhibit 2). Defendant Mallard forwarded all correspondence from the Plaintiff to appropriate authorities, and in no way intentionally attempted to deprive the Plaintiff access to the Courts. (*See* Exhibit 1). The Plaintiff has

---

4 herein, that the Request for Final Disposition was filed with the Court.

failed to show the existence of the claimed conspiracy. Thus, the claims based upon conspiracy should be dismissed.

**III.     The Defendants are immune from suit.**

This case should also be dismissed because the Defendants are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See* Edelman v. Jordan, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355 (1974) and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the Defendants should be dismissed based on immunity.

In addition, the Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have

known.'"  Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (*quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). The Defendants have not violated Smith's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law.  WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING
Attorney General

/s/ Cheairs M. Porter
Cheairs M. Porter
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

 I hereby certify that I have, this the 6th day of July, 2006, electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy of the same upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Charles B. Hall, #858029
Dodge State Prison
PO Box 276
Chester, GA  31012

            /s/ Cheairs M. Porter
            Cheairs M. Porter
            Assistant Attorney General