IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHARLES B. HALL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06-CV-301-WHA |
| | ) |
| KENNETH GIBBS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendants filed a special report and answer to the complaint on July 6, 2004. On July 24, 2006, the plaintiff, Charles B. Hall, Jr. ["Hall"], filed a motion for voluntary dismissal in which he concedes that the "charges ... which caused [him] to initiate this action" have been dismissed and he therefore "no longer suffers from defendants actions of pursuing criminal charges against him. *Court Doc. No. 15* at 1. In light of the status of this case, the court finds that this pleading is properly before the court as a motion for voluntary dismissal under Rule 41(a)(2), *Federal Rules of Civil Procedure*. Upon consideration of the motion to dismiss, the court concludes that this motion is due to be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion to dismiss filed by the plaintiff on July 24, 2006 be GRANTED.

2. This case be dismissed.

3. No costs be taxed herein.

It is further

ORDERED that on or before August 14, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 1st day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE